FILED

**NOT FOR PUBLICATION**

JAN 26 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10504 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01673-FRZ-JJM-1 |
| v. | |
| ALEJANDRO MIGUEL HERNANDEZ-FLORES, AKA Miguel Flores-Hernandez, AKA Alejandro Hernandez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted December 27, 2011[**]
San Francisco, California

Before: FARRIS, BEEZER, and LEAVY, Circuit Judges.

Alejandro Hernandez-Flores appeals his conviction of illegal reentry after

deportation in violation of 8 U.S.C. § 1326. Hernandez-Flores argues that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court erred by admitting statements he made to a border patrol agent that were taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).  Because Hernandez-Flores did not move to suppress the statements in the district court as required by Rule 12(b)(3) of the Federal Rules of Criminal Procedure, we hold that Hernandez-Flores waived this argument and therefore affirm the judgment.

We have jurisdiction over this case under 28 U.S.C. § 1291.  The facts of the case are known to the parties.  We do not repeat them here.

Rule 12 of the Federal Rules of Criminal Procedure requires a motion to suppress evidence to be raised before trial.  FED. R. CRIM. P. 12(b)(3)(C).  A party's failure to do so is treated as a waiver of the issue.  *Id.* at 12(e).  The waiver is absolute: this court cannot even review the issue for plain error.  *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002).  A court may grant relief from the waiver if the party can show good cause as to why the motion was not timely made.  FED. R. CRIM. P. 12(e).

Here, Hernandez-Flores did not move in the district court to suppress the statements he made to the border patrol agent and has not provided any explanation for his failure to do so.  His brief argues the merits of the issue only.  We hold that Hernandez-Flores has waived this issue.  Hernandez-Flores's conviction is therefore **AFFIRMED**.